IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| LAMONT A. THOMAS,<br><br>       Plaintiff,<br><br>vs.<br><br>CREDIT ACCEPTANCE CORPORATION ET AL,<br><br>       Defendant | Case No.:<br><br>**PLAINTIFF'S PROPOSED ORDER PURSUANT TO FRCP 7(B), FRCP 54(C), AND LOCAL CIVIL RULE 7(F)** |

## PLAINTIFF'S PROPOSED ORDER

Pursuant to **FRCP 7(b), FRCP 54(c),** and **Local Civil Rule 7(F):**

This matter is before the Court on Plaintiff Lamont A. Thomas's Motion for Declaratory Judgment, Recharacterization, and Injunctive Relief. Having reviewed the motion, supporting memorandum, exhibits, and applicable law, and for good cause shown, the Court finds that Plaintiff is entitled to the relief requested.

Accordingly, it is hereby:

**ORDERED**

1. **DECLARATORY RELIEF:**

Plaintiff's February 29, 2024, transaction with Defendant is hereby **declared to be a securities lending arrangement,** not a consumer loan, consistent with the economic substance doctrine and applicable accounting standards.

2. **RECHARACTERIZATION OF PAYMENTS**

Plaintiff's payments are **recharacterized as capital contributions** under **26 C.F.R. § 1.118-1,** and Defendant's accounting shall reflect a **secured borrowing** under ASC 860-30.

### 3.  OFFSET RIGHTS AND BENEFICIAL OWNERSHIP

Defendant shall apply **balance sheet offsetting** under ASC 210-20-45-1, and Plaintiff is entitled to **beneficial ownership** of surplus proceeds and collateral held by Computershare Trust Company, N.A.

### 4.  TITLE AND LIEN RELEASE

The lien with the Virginia DMV is hereby **released,** and title to the vehicle shall be restored to Plaintiff.

### 5.  INJUNCTIVE RELIEF

Defendant is **enjoined from any collection, repossession, or credit reporting** related to the February 29, 2024, transaction.

### 6.  STATUTORY DAMAGES

Plaintiff is awarded **$36,775.00** under **Va. Code § 6.2-303(F)**, representing twice the finance charge of **$18,386.90** disclosed in the contract. Additionally, Additionally, Plaintiff is awarded **$28,125.00** in reasonable litigation costs under **26 U.S.C. § 7430**, calculated at **125/hour** for **225** hours of legal research, drafting, and procedural filings.

### 7.  RESTITUTION AND ACCOUNTING

Defendant shall provide a **full accounting** of trust cash flows, servicing strips, and dealer holdbacks related to Plaintiff's receivable.

Defendant shall also return all payments made by Plaintiff under the void contract, including those made from **March 29, 2024,** through **July 3, 2025,** totaling **$10,117.36** as documented in Plaintiff's filings.

Defendant shall return the full finance charge of **$18,386.90** as *cash collateral* under **ASC 860-30** and **ASC 210-20,** and recognition of the full contract value of **$41,115.96** as the **Fair Value** of the transferred asset, consistent with IRS valuation principles and FFIEC reporting standards.

Plaintiff has provided sufficient evidence to support this Court's restitution from the accounting of his transaction, citing:

- **ASC 860-30-25-3:** Requires the secured party [Computer Share-Automobile Receivables Trust] to record cash collateral received as an asset, and a corresponding liability to return it to the payor [Plaintiff].

- **PwC Viewpoint § 5.4:** Clarifies that cash collateral in securities lending must be returned unless offset by a valid obligation.

- **26 C.F.R. § 1.118-1:** Treats voluntary payments used to support corporate financing as capital contributions, not income.

- **15 U.S.C. § 1605:** Defines finance charge as amounts paid incident to the extension of credit-if the credit is mischaracterized, the charge must be returned.

- **26 C.F.R. § 25.2512-1:** Fair Market Value is the price at which property would change hands between willing parties with full knowledge.

- **ASC 860-10-40-5(c):** If the transferor retains control, the assets must remain on their balance sheet at fair value.

- **FFIEC Schedule RC-R:** Requires institutions to report transferred receivables at fair value when used as collateral in securitization.

8. **FEDERAL COMPLAINCE:** Defendant shall comply with all applicable **FFIEC, SEC, and IRS** reporting standards regarding the recharacterized transaction.

9. **ARBITRATION CLAUSE STRIKEN:** Plaintiff's Motion to Strike Arbitration Clause is **GRANTED.** Defendant shall not compel arbitration in this matter.

10. **ATTORNEYS' FEES AND COSTS:** Plaintiff shall recover the attorneys' fees and costs in this order, and such other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certified that on August 21, 2025, I served a true and correct copy of the foregoing **Proposed Order** with the clerk of court using the **CM/ECF** system. I further certify that notice of this filing will be sent to the following part by operation of the Court's electronic filing system:

**Credit Acceptance Corporation**

**25505 W 12 Mile Road**

**Southfield, MI 48034**

**IT IS SO ORDERED.**

**Date:** _____

**Honorable**

United States District Judge