FILED

IN THE UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF VIRGINIA

2025 AUG 25 P 4: 17

ALEXANDRIA DIVISION

| | |
|---|---|
| LAMONT A. THOMAS, <br><br> Plaintiff, <br><br> vs. <br><br> CREDIT ACCEPTANCE CORPORATION ET AL, <br><br> Defendant | Case No.: <br><br><br> **MOTION TO STRIKE ARBITRATION CLAUSE PURSUANT TO FRCP 12(F), FRCP 7(B), FAA§§ 2-4, LOCAL RULE 7(F), VA CODE §§ 6.2-303(F), 8.01-581.01 et seq.** |

## MOTION TO STRIKE ARBITRATION CLAUSE

COMES NOW, Plaintiff Lamont A. Thomas, appearing pro se, respectfully moves this Honorable Court to strike the arbitration clause contained in the February 29, 2024, *Retail Installment Contract* between Plaintiff and Defendant Credit Acceptance Corporation ("CAC"). This motion is made pursuant to:

- **Federal Rules of Civil Procedure 12(f)** – to strike an unenforceable clause embedded in a void contract.

- **Federal Rules of Civil Procedure 7(b)** – governing motion practice.

- **Federal Arbitration Act (FAA), 9 U.S.C. §§ 2-4** – permitting judicial review of arbitration agreements.

- **Local Rule 7(f)** – requiring a memorandum of law and supporting exhibits.

- **Virginia Code § 6.2-303(F)** – voiding usurious contract.

- **Virginia Uniform Arbitration Act, Va. Code §§ 8.01-581.01 to 581.016** – governing arbitration enforceability.

I. **Grounds for Relief**

Plaintiff seeks to strike the arbitration clause on the following grounds:

1. **Fraudulent Inducement:** The clause was embedded in a contract misrepresented as a direct consumer loan, when CAC's own accounting records classify it as a **dealer loan** -a non-recourse advance to the dealership, not Plaintiff.

2. **Void Ab Initio Under Virginia Law:** The contract violates **Va. Code § 6.2-303(F)** by charging interest above **12%** without proper licensure under **Va. Code § 1501,** rendering the entire agreement-including the arbitration clause-void.

3. **Accounting Misrepresentations:** CAC's SEC filings and GAAP treatment under **ASC 860-30** and **ASC 310-10** confirm that Plaintiff was not the legal borrower, undermining the basis for arbitration.

4. **Public Policy and Federal Jurisdiction:** Enforcing the clause would obstruct Plaintiff's rights under federal law, including claims under the **Declaratory Judgment Act, IRS regulations,** and **SEC disclosure rules.**

5. **Judicial Determination Required:** Under *Bayles v. Evans* and *Sphere v. Drake Ins. Ltd. V. Clarendon Nat. Ins. Co.,* courts-not arbitrators-must decide whether fraud invalidates the arbitration clause.

II. **Relief Requested**

Plaintiff respectfully requests that this Court:

1. **Strike the arbitration clause** from the February 29, 2024, Retail Installment Contract.

2. **Retain Jurisdiction** over this matter pursuant to **28 U.S.C. § 1331 and § 2201**.

3. **Deny any motion to compel arbitration** filed by Defendant.

4. **Permit discovery** under **FRCP 26-37** to investigate CAC's accounting and securitization practices.

5. **Grant such other and further relief as the Court deems just and proper.**

### III.   Supporting Documents

This motion is accompanied by:

- **Memorandum of Law (Local Rule 7(F))**

- **Exhibits** including the Retail Installment Contract, CAC's SEC filings, and accounting analysis attached to the lawsuit.

- **Declaration of Lamont A. Thomas,** attesting to the facts and supporting fraud allegations.

**CERTIFICATE OF SERVICE**

I hereby certified that on August 21, 2025, I served a true and correct copy of the foregoing **Motion to Strike Arbitration Clause** with the clerk of court using the **CM/ECF** system. I further certify that notice of this filing will be sent to the following part by operation of the Court's electronic filing system:

**Credit Acceptance Corporation**

**25505 W 12 Mile Road**

**Southfield, MI 48034**

*[signature]*

**Respectfully submitted,**

Lamont A. Thomas

Pro Se Plaintiff

4141 Granby Road

Woodbridge, VA 22193-2509

Ph: **(571) 666-2268**

E: lamont0605thomas@gmail.com

**Date:** August 7, 2025