FILED.

**IN THE UNITED STATES DISTRICT COURT FOR**

**THE EASTERN DISTRICT OF VIRGINIA**

2025 AUG 25 P 4: 17

ALEXANDRIA DIVISION

| | |
|---|---|
| LAMONT A. THOMAS,<br><br>Plaintiff,<br><br>vs.<br><br>CREDIT ACCEPTANCE CORPORATION ET AL,<br><br>Defendant | Case No.:<br><br>**MEMORANDUM OF LAW IN SUPPORT OF FEDERAL JURISDICTION AND OPPOSITION TO ARBITRATION** |

**MEMORANDUM OF LAW IN SUPPORT OF FEDERAL JURISDICTION AND OPPOSITION TO ARBITRATION**

**INTRODUCTION**

Plaintiff respectfully submits this memorandum in opposition to any attempt by Defendant Credit

Acceptance Corporation (**CAC**") to compel arbitration. This case arises under federal law-

including violations of *federal accounting standards, tax regulations, and securities law*-and

therefore falls squarely within the original jurisdiction of this Court under **28 U.S.C. § 1331.**

Moreover, the arbitration clause embedded in CAC's contract is not enforceable because it was

fraudulently induced, strategically inserted to shield CAC from federal scrutiny given that the

claims raised by Plaintiff, CAC has settled out of court in previous suits initiated against them.

See *__Palm Tran v. CAC,__* No. *20-CV-12698*. Plaintiff contends that the contract and its arbitration

clause is void *ab initio*.

    **I.**    **Federal Question Jurisdiction is Proper Under 28 U.S.C. § 1331.**

Plaintiff's claims are not limited to breach of contract or consumer protection-they arise from CAC's systemic violations of federal law, including:

- **ASC 860-30 and ASC 210-20-45-1:** Federal accounting standards governing securitization and offsetting.

- **26 U.S.C. §§ 1273, 118, and 9002:** IRS regulations on original issue discount (OID), capital contributions, and dealer reserve accounting.

- **Revenue Ruling 2003-7:** IRS guidance on constructive sales and retained control.

- **SEC Staff Accounting Bulletin No. 74:** Disclosure obligations under federal securities law.

- **Declaratory Judgment Act (28 U.S.C. §§ 2201-2202):** Plaintiff seeks a declaration of rights under federal law.

These claims invoke federal regulatory frameworks and accounting mandates, not state contract law. Accordingly, this Court has original jurisdiction under **§ 1331.**

## II. The Arbitration Clause is Void AB Initio Under Virginia Law

Under **Va. Code § 6.2-1501,** any entity that makes loans for personal, family, or household purposes and charges interest above the statutory cap without proper licensure is operating unlawfully. CAC charged Plaintiff an APR of 23.99%-nearly double the legal limit of 12% under **Va. Code § 6.2-303**-without being licensed as a consumer finance company in Virginia.

This renders the entire contract **void from inception,** including the arbitration clause. As held in **Sphere Drake Ins. Ltd. V. Clarendon Nat. Ins. Co.,** 263 F.3d 26 (2d Cir. 2001):

> "If the contract is void from inception, including the arbitration clause, courts must intervene."

CAC cannot enforce an arbitration clause embedded in a contract that never had legal validity under Virginia law.

### III.     Fraud in the Inducement of the Arbitration Clause Nullifies its Enforceability.

Federal courts distinguish between general fraud in the contract and fraud targeting the arbitration clause itself. Only the latter allows courts to refuse enforcement. As held in ***Bayles v. Evans,*** *Nos. 18-0871 & 18-0876 (W. Va. 2020)*:

> "Claims of fraud in the inducement of an arbitration clause are for the courts to decide."

Plaintiff alleges that CAC:

- Misrepresented the nature of the transaction as a consumer loan while structuring it as a **securities borrowing/lending arrangement.**

- Concealed the existence of **beneficial ownership, surplus proceeds, and capital contributions.**

- Embedded the arbitration clause to **preempt federal jurisdiction,** not to resolve disputes fairly.

This is not incidental fraud-it is **targeted fraud,** aimed squarely at the arbitration clause.

### IV.     Fraud Permeated the Arbitration Clause and the Entire Agreement

In ***Selim 730 LLC v. SHVO 730 LLC,*** *Index No. 653193/2024,* the Court held:

> "To demonstrate that fraud permeated the entire contract, it must be established that the agreement was not the result of an arm's length negotiation, or the arbitration clause was inserted into the contract to accomplish a fraudulent scheme."

Plaintiff's allegations meet this threshold. The arbitration clause was:

- **Non-negotiable,** buried in boilerplate, and presented without disclosure of CAC's securitization model.

- **Inserted to shield CAC from Judicial Scrutiny,** particularly regarding its violations of federal accounting and tax law.

- **Used conceal systemic misconduct,** including mischaracterization of Plaintiff's payments and denial of surplus proceeds.

This clause was not designed to resolve disputes-it was designed to **silence accountability.**


## V.     Public Policy Exception Bars Enforcement of the Arbitration Clause

Even under the Federal Arbitration Act (FAA), courts may refuse to enforce arbitration clauses that conflict with public policy; CAC's clause obstructs enforcement of:

- **Federal tax law** (underreporting and mischaracterization of income)

- **Federal securities law** (failure to disclose beneficial ownership)

- **Virginia consumer protection law** (Usury violations and unlawful lien filings)

As held in *Palm Tran,* federal courts may scrutinize CAC's securitization practices despite arbitration clauses when public interest and regulatory compliance are at stake.


## VI.     Conclusion

Plaintiff's claims arise under federal law and implicate public regulatory frameworks. The arbitration clause is not enforceable because:

1. The contract is **void ab initio** under Virginia law due to usury violations.

2. The arbitration clause was **fraudulently induced,** inserted to obstruct federal jurisdiction.

3. The clause **permeates a fraudulent scheme,** not a legitimate dispute resolution mechanism.

4. Enforcement would violate **public policy** and suppress federal oversight.

This Court has both the **authority and the obligation** to hear this case. CAC's attempt to compel arbitration is not a legal defense-it is a strategic evasion. Plaintiff respectfully requests that the Court deny any motion to compel arbitration and retain jurisdiction over this matter.

## CERTIFICATE OF SERVICE

I hereby certified that on August 21, 2025, I served a true and correct copy of the foregoing **Memorandum of Law** with the clerk of court using the **CM/ECF** system. I further certify that notice of this filing will be sent to the following part by operation of the Court's electronic filing system:

**Credit Acceptance Corporation**

**25505 W 12 Mile Road**

**Southfield, MI 48034**

**Respectfully submitted,**

Lamont A. Thomas

Pro se Plaintiff