**IN THE UNITED STATES DISTRICT COURT FOR**

**THE EASTERN DISTRCIT OF VIRGINIA**

ALEXANDRIA DIVISION

| | |
|---|---|
| LAMONT A. THOMAS,<br><br>      Plaintiff,<br><br>vs.<br><br>CREDIT ACCEPTANCE CORPORATION ET AL,<br><br>      Defendant | Case No.:<br><br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT-PURSUANT TO LOCAL CIVIL RULE 7(F), AND 28 U.S.C. 2201-2202** |

## IRS Notice 97-21 – Economic Substance and Beneficial Ownership

Plaintiff respectfully submits this *Notice of Supplemental Authority* to bring to the Court's attention IRS Notice 97-21, which directly supports Plaintiff's claims for declaratory relief and recharacterization of the underlying consumer finance arrangement as a securities lending transaction governed by economic substance and beneficial ownership principles.

### I.  Relevance of IRS Notice 97-21

IRS Notice 97-21 provides interpretative guidance on the *economic substance doctrine*, emphasizing that transactions lacking genuine economic effect beyond tax benefits may be disregarded for federal tax purposes. The Notice also affirms that *beneficial ownership* – not mere title or form – determines the true party in interest for tax and legal characterization.

Specifically, the Notice states:

- "The Service will continue to apply the **economic substance** doctrine and other judicial doctrines to disallow tax benefits where transactions lack economic reality or substance." (**IRS Notice 97-21, section II**).

This principle aligns with Plaintiff's argument that the alleged "retail installment contract" is a **nominal form** masking a **non-recourse securities lending arrangement,** in which Plaintiff retained beneficial ownership of the vehicle and bore the economic risk of depreciation, maintenance, and residual value.

### II.      Application to Plaintiff's Claims

Plaintiff's Motion for Declaratory Judgment seeks recognition that:

- The transaction lacked genuine economic substance as a sale or financing arrangement;
- Plaintiff retained **beneficial ownership** of the vehicle throughout the term;
- Defendant functioned as securities intermediaries, not bona fide purchasers or lenders;
- The arbitration clause and repossession were predicated on a mischaracterization of the transaction's legal structure.

### III.      Conclusion

IRS Notice 97-21 is directly relevant to the issues before the Court and supports Plaintiff's request for declaratory relief and recharacterization. Plaintiff respectfully requests that the Court consider this authority in adjudicating the pending motion.

### CERTIFICATE OF SERVICE

I hereby certified that on August 21, 2025, I served a true and correct copy of the foregoing **Notice 97-21- Economic Substance and Beneficial Ownership** with the clerk  of court using the **CM/ECF** system. I further certify that notice of this filing will be sent to the following part by operation of the Court's electronic  filing system:

**Credit Acceptance Corporation**

**25505 W 12 Mile Road**

**Southfield, MI 48034**

Respectfully submitted,

**Lamont A. Thomas**

*Pro Se* Plaintiff

**4141 Granby Road**

**Woodbridge, VA 22193**